Omar Habbas, Esq. (SBN 126629)
Tarik Habbas, Esq. (SBN 314794)
HABBAS, NASSERI & ASSOCIATES
675 N. First Street, Suite 1000
San Jose, CA 95112
O: (408) 278-0480
F: (408) 278-0488
thabbas@habbaslaw.com
litigation@habbaslaw.com

Ignascio G. Camarena II (SBN 220582)
CAMARENA LAW OFFICE, A.P.C.
111 N. Market Street, Suite 300
San Jose, California 95113
O: (408) 418-7180
F: (408) 516-9635
igc@camarenalawoffice.com

Attorneys for Plaintiff
JEANETTE OLIVEIRA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JEANETTE OLIVEIRA, individually, <br><br> Plaintiff, <br><br> v. <br><br> HAIR CLUB FOR MEN, LLC, a Delaware limited liability company authorized to do business in California; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR DAMAGES AND PENALTIES BASED ON WAGE AND HOUR VIOLATIONS: <br><br> 1) FAILURE TO PAY OVERTIME IN VIOLATION OF CAL. LABOR CODE SECTION 1194 <br> 2) FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CAL. LABOR CODE SECTIONS 226.7 and 512 <br> 3) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF CAL. LABOR CODE SECTION 226 <br> 4) UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUS. & PROF. CODE SECTION 17200, et. seq. |

- 1 -

**GENERAL ALLEGATIONS**

1.      Plaintiff is, at all times relevant to this action was, a resident of the County of Santa Clara working within the County of Santa Clara.

2.      Defendant HAIR CLUB FOR MEN, LLC. is a Delaware Limited Liability Company authorized to do business in the State of California and doing business within the County of Santa Clara that employed Plaintiff at all relevant times to this action as a hair stylist at the HAIR CLUB FOR MEN (hereinafter "EMPLOYER") located in San Jose within the County of Santa Clara.

3.      At all times mentioned herein, Defendants, and each of them, inclusive of DOES 1 through 20, were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency. Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages she has incurred.

4.      Pursuant to 28 United States Code Section 1332, original jurisdiction is proper in this Court based on diversity of the parties as alleged above and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**CAUSES OF ACTION**

**First Cause of Action**

**(Failure To Pay Overtime Wages In Violation of Cal. Labor Code Section 1194**

**against all Defendants)**

5.      Plaintiff hereby incorporates all of the forgoing allegations set forth in Paragraphs 1 through 4 above by this reference as if set forth verbatim.

6.      Plaintiff performed work for EMPLOYER as alleged above.

7.      Plaintiff worked overtime hours within the last three years of filing of this lawsuit.

8.      EMPLOYER knew or should have known that Plaintiff had worked overtime hours;

9.      Plaintiff was not paid the overtime rate for some or all of the overtime hours worked.

10.      As a result, Plaintiff is owed overtime pay as prayed for below.

///

- 2 -

## Second Cause of Action

### (Failure To Provide Meal and Rest Periods In Violation of Cal. Labor Code Sections 226.7 and 512 against all Defendants)

11.   Plaintiff hereby incorporates all of the forgoing allegations set forth in Paragraphs 1 through 10 above by this reference as if set forth verbatim.

12.   Plaintiff performed work for EMPLOYER as alleged above.

13.   Plaintiff worked at least 8 hours per day, 3 days per week, and 4 hours per day, 1 day per week for three years of filing of this lawsuit.

14.   EMPLOYER knew or should have known that Plaintiff had worked at least 8 hours per day, 3 days per week, and 4 hours per day, 1 day per week.

15.   Plaintiff was not provided with off-duty meal periods of 30 minutes or a 10 minute rest period each day plaintiff worked because the EMPLOYER understaffed the place of employment of Plaintiff so she could not be relieved of all duties.

16.   EMPLOYER did not relinquish control over Plaintiff's activities during the times Plaintiff worked.

17.   EMPLOYER did not permit Plaintiff to take a reasonable opportunity to take uninterrupted breaks for rest and meals each day she worked.

18.   EMPLOYER impeded and discouraged Plaintiff from taking her rest and meal breaks each day she worked.

19.   The nature of the work did not prevent Plaintiff from being relieved of all duty.

20.   Plaintiff never agreed in writing with the EMPLOYER DEFENDANTS to take on duty meal breaks or skip rest breaks.

21.   As a result, Plaintiff is owed one hour's wage for each missed meal and rest break as prayed for below.

///

///

///

- 3 -

### Third Cause of Action

**(Failure To Provide Accurate Wage Statements In Violation of Cal. Labor Code Section 226 against all Defendants)**

22.     Plaintiff hereby incorporates all of the forgoing allegations set forth in Paragraphs 1 through 21 above by this reference as if set forth verbatim.

23.     Within the last three years, EMPLOYER, directly and by and through their owners, officers, directors, and managing agents, intentionally failed to provide Plaintiff with accurate wage statements in violation of California Labor Code 226 because EMPLOYER failed to list or itemize actual work time, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate, and failed to pay overtime.

24.     As a result, Plaintiff is entitled to a statutory penalty per period for each inaccurate wage statement provided to her by her Employer as prayed for below.

### Fourth Cause of Action

**(Unfair Business Practices In Violation of Bus. & Prof. Code  Section 17200, et. seq. against all Defendants)**

25.     Plaintiff hereby incorporates all of the forgoing allegations set forth in Paragraphs 1 through 24 above by this reference as if set forth verbatim.

26.     The court has jurisdiction over this action pursuant to Business and Professions Code Section 17200 et seq., specifically Business and Professions Code Section 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Business and Professions Code Section 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any board, officer, person, corporation or association or by any person acting for the

- 4 -

interests of itself, or its members and that has suffered an injury in fact and lost money or property as a result of defendant's conduct.

27.     Within the last four years, as a direct, proximate, and foreseeable result of defendant's wrongful conduct as alleged above, defendant business acts or practices have caused injury to plaintiff and the public; and plaintiff is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by defendants as a result of such business acts or practices.

## PRAYER FOR DAMAGES

A.     Unpaid overtime wages in the amount of $25,675.65 under Cal. Labor Code section 1194, or according to proof plus prejudgment interest at 10% per annum allowed by statute.

B.     Unpaid meal and rest break violations under Cal. Labor Code Sections 226.7 and 512 in the amount of $57,057.00 plus 10% interest per annum allowed by statute, or according to proof.

C.     Penalty for failure to provide accurate wage statements under Cal. Labor Code section 226 in the amount of $4,000.00, or according to proof.

D.     Reasonable attorney fees and costs allowed by statute under Cal. Labor Code sections 1194(a), 226(e)(1), 2802(c), 2699(g)(1) and 1021.5 according to proof.

E.     For restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by defendant(s) as a result of such unlawful business acts or practices.

F.     All other relief the Court may deem appropriate.

DATED:  July 17, 2019                           HABBAS, NASSERI & ASSOCIATES

                                                                /s/
                                           By:  _____
                                                TARIK HABBAS, Esq.
                                                Attorneys for Plaintiff JEANETTE OLIVEIRA

                                                CAMARENA LAW OFFICE, A.P.C.

                                                                /s/
                                           By:  _____
                                                IGNASCIO G. CAMARENA II, Esq.
                                                Attorneys for Plaintiff JEANETTE OLIVEIRA

- 5 -